UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHRIS CRISMAN,

        Plaintiff,

    v.

MASJA VAN DER HOOG,

        Defendant.

Case No.  20-cv-02723-JD

**ORDER RE DEFAULT JUDGMENT**

Re: Dkt. No. 20

This is a copyright infringement action brought by plaintiff Chris Crisman against defendant Masja Van Der Hoog, d/b/a Aster Acupuncture (Aster), concerning the unlicensed use of Crisman's photograph on Aster's website to promote its acupuncture, massage, and cupping services in violation of the Copyright Act, 17 U.S.C. § 501.  *See* Dkt. No. 1.  Aster has failed to appear in the action, and Crisman has moved for default judgment.  Dkt. No. 20.  The motion is granted.

## I.    JURISDICTION & SERVICE

"In default judgment proceedings, the Court has an affirmative duty to consider whether it has jurisdiction over the subject matter and parties to the case." *FormFactor, Inc. v. Mr. Prober Tech. Inc.*, No. 13-CV-03688-JD, 2015 WL 1870236, at *1 (N.D. Cal. Apr. 23, 2015) (citing *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999)).  Because this is a copyright infringement case, the Court has subject matter jurisdiction under 28 U.S.C. § 1338(a).  The Court also has personal jurisdiction over Aster, which has its principal place of business in Oakland, California.  *See Goodyear Dunlop Tires Operations v. Brown*, 564 U.S. 915, 924 (2011).  The complaint and default judgment papers were served on July 13, 2021.  *See* Dkt. 25.

## II.    DEFAULT JUDGMENT

"Under Federal Rule of Civil Procedure 55(b)(2), a party may apply to the Court for entry of judgment by default against a defendant that has failed to defend against the action." *See FormFactor*, 2015 WL 1870236, at *2.  "'The district court's decision whether to enter a default judgment is a discretionary one.'" *Id.* (quoting *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir.

United States District Court
Northern District of California

1980)).  The decision is based on the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

The main inquiries under the *Eitel* factors are the merits of the claim and the sufficiency of the complaint, which are typically considered together, "because after the entry of default, well-pleaded allegations in the complaint are deemed true, except as to the amount of damages." *FormFactor*, 2015 WL 1870236, at *2 (quoting *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002)).

To state a claim for copyright infringement, a plaintiff "must show ownership of the allegedly infringed material" and "must demonstrate that the alleged infringer violated at least one exclusive right granted to copyright holders under 17 U.S.C. § 106." *FormFactor*, 2015 WL 1870236, at *2 (cleaned up) (citing *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1159 (9th Cir. 2007)).  Crisman has done so here.  The complaint alleges that he registered the photograph in 2011, and that Aster copied it without permission in violation of Crisman's exclusive right to "reproduce the copyrighted work" under 17 U.S.C. § 106(1).  Dkt. No. 1 ¶¶ 11-12, 15-18.  Consequently, these factors weigh in favor of default judgment.

The other *Eitel* factors also favor entry of default judgment.  Crisman will be prejudiced if default judgment is not granted because he will be left with no way to recover for Aster's infringement.  *Broad. Music, Inc. v. JMN Rest. Mgmt. Corp.*, No. 14-CV-01190-JD, 2014 WL 5106421, at *2 (N.D. Cal. Oct. 10, 2014) ("*BMI*").  The amount of money at stake here (Crisman seeks between $25,000 to $150,000), is high for a single infringement, but the Court has discretion to award $750 in statutory damages per infringement, *see infra* Section III.A.  Because Aster has not appeared, despite service and other attempts to engage her in this litigation, there is "no indication that [the] default is due to excusable neglect, that the material facts are subject to dispute, or that a decision on the merits will be possible." *Id.*

United States District Court
Northern District of California

### III.    THE RELIEF

Crisman asks for statutory damages, attorneys' fees, and costs, with pre- and post-judgment interest.  Dkt. No. 20-1 at 6.  He also seeks a permanent injunction pursuant to 17 U.S.C. § 502, enjoining Aster from further infringement.

####    A.    Statutory Damages

A copyright infringement plaintiff may recover either actual damages or statutory damages under 17 U.S.C. § 504(a).  Crisman has proposed to recover the latter, in a minimum amount of $25,000.  Section 504(c) of the Copyright Act provides for statutory damages "in a sum of not less than $750 or more than $30,000 as the court considers just," per infringement.  *Id.* § 504(c)(1).  Additionally, if the "infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000."  *Id.* § 504(c)(2).

Crisman has alleged willful infringement, and these allegations are deemed true upon default.  *See Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 702 (9th Cir. 2008).  Even so, an award of $25,000 as Crisman urges is not automatic.  The Court has "wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima" in the Copyright Act.  *BMI*, 2014 WL 5106421, at *3 (quoting *Harris v. Emus Records Corp.*, 734 F.2d 1329, 1335 (9th Cir.1984)).

Crisman says that a reasonable statutory damages award would be five times his licensing fee for the exclusive use of a photograph for a one-year term, which ranges from $2,500 to $5,000.  Dkt. No. 20 at 10.  This multiplier is too steep for the record in this case.  To start, there is a "rule of thumb" in infringement cases that damages should be approximately three times the amount of the estimated licensing fee.  *BMI*, 2014 WL 5106421, at *3.  The circumstances here do not warrant a scarcity multiplier.  The photograph at issue depicts two masseuses performing massages, and although Crisman says it required "significant skill in lighting and postproduction," Dkt. No. 1 ¶ 6, the photo is not especially rare or unique.  *See Stockfood America, Inc. v. Sequoia Wholesale Florist, Inc.*, No. 20-cv-03597-DMR, 2021 WL 4597080, at *5-6 (N.D. Cal. June 22, 2021) (scarcity multiplier denied where plaintiff made only a "bare assertion" of scarcity), *report and recommendation adopted*, No. 20-CV-03507-JD, 2021 WL 4595128 (N.D. Cal. Oct. 06,

2021).  In addition, only one act of infringement has been alleged, and Crisman acknowledges that Aster removed the infringing photograph from the website after getting a take-down letter from his lawyer.  *See* Dkt. No. 14-2 (Grossbardt Decl.)  ¶ 6.

Consequently, the Court concludes that a statutory damages award of $7,500 is reasonable. This amount exceeds Crisman's typical licensing fee at the upper end, and is an amount proportionate to the claim and Aster's removal of the photo from its website.

**B.      Injunctive Relief**

The request for a permanent injunction is denied.  The Copyright Act authorizes an injunction "on such terms as [the Court] may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a).  A permanent injunction is not necessary to restrain future infringement in this case.  Aster took down the photograph in response to counsel's letter, and Crisman has not proffered any evidence suggesting that Aster is likely to engage in future acts of infringement of his works.  *See Flexible Lifeline Sys., Inc. v. Precision Lift, Inc.*, 654 F.3d 989, 998 (9th Cir. 2011) ("[E]ven in a copyright infringement case, the plaintiff must demonstrate a likelihood of irreparable harm as a prerequisite for injunctive relief.").

**C.      Attorneys' Fees, Costs, and Interest**

Attorneys' fees and costs are recoverable under the Copyright Act.  17 U.S.C. § 505. Crisman seeks $10,782.50 in attorney's fees and $880.86 in costs.  Dkt. No. 20-2 ¶¶ 9, 11.  These fees are reasonable under the circumstances, particularly in light of Aster's failure to respond to service and other outreach about the litigation.  The billing records adequately support the requests for fees and costs.  Interest at the statutory rate is granted on the judgment from the date it is entered by the Court.  *See* 28 U.S.C. § 1961.  Pre-judgment interest is denied.

**IT IS SO ORDERED.**

Dated:  November 2, 2021

_____
JAMES DONATO
United States District Judge

United States District Court
Northern District of California

4